UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON KEHREN,

      **Plaintiff,**

      v.

JPMORGAN CHASE BANK,

      **Defendant.**

Case No. 2:16-cv-133
JUDGE SMITH
Magistrate Judge Deavers

**OPINION AND ORDER**

This matter is before the Court upon Defendant JPMorgan Chase Bank's Motion to Dismiss (Doc. 16). Plaintiff Jason Kehren filed a Response in Opposition (Doc. 18) to which Chase replied (Doc. 19). Additionally pending are Plaintiff's Motion for Leave to file a Supplemental Memorandum (Doc. 20) which Defendant opposed (Doc. 23). The issues before the Court are fully briefed and ripe for review. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Plaintiff's Motion for Leave to file is **DENIED** as moot.

## I.    BACKGROUND

Plaintiff Jason Kehren ("Plaintiff") brings this Fair Credit Reporting Act ("FCRA") case against Defendant JPMorgan Chase Bank ("Chase") for Chase's alleged violations of the FCRA. Plaintiff alleges that Chase incorrectly reported a debt as owing even though Plaintiff had filed for bankruptcy and received a discharge under Chapter 13 of the Bankruptcy Code. (Doc. 13, Am. Compl. at ¶ 5). Plaintiff notified Chase of his bankruptcy filing, but the error was not

corrected.  (*Id.* at ¶ 6).  After several years of attempting to remedy the error, Plaintiff was rejected for a home loan because of credit issues.  Chase fixed the error in December 2015.  (*Id.*).

Plaintiff filed suit in this case in February 2016, alleging that Chase violated the FCRA in its reporting of his debt.  Specifically, Plaintiff asserts: (1) Chase violated Plaintiff's consumer rights by "making false representations about the amount and status of Plaintiff's debt to credit reporting agencies;" (2) Chase "failed to accurately conduct a reasonable investigation" into the errors on Plaintiff's credit report; and (3) Chase "violated the discharge injunction by repeatedly reporting a debt owed" even though Chase was aware of Plaintiff's past bankruptcy filing.  (*See* Doc. 13, Am. Compl. at ¶¶ 5, 13, 18).  Plaintiff seeks actual damages, statutory damages, punitive damages, and costs of this action together with reasonable attorney's fees for Chase's alleged willful noncompliance and alleged negligent noncompliance in violation of the FCRA.  (*Id.* at ¶ 20).  Plaintiff also seeks to hold Chase in contempt for alleged violation of the discharge injunction, together with attorney's fees and punitive damages.  (*Id.* at ¶ 21).  Chase filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that dismissal is warranted on several grounds which will be discussed below.

## II.     STANDARD OF REVIEW

Defendant brings this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief.  Fed. R. Civ. P. 8(a)(2).  To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court

2

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Chase seeks to dismiss each of Plaintiff's claims on various grounds. With respect to Count One, Chase argues that Plaintiff cannot allege either a negligent or willful FCRA violation by Chase. Chase argues that Plaintiff fails to allege actual damages and thus, does not set forth a sufficient negligent FCRA violation claim. Chase also argues Plaintiff's Amended Complaint does not contain allegations to support a claim of a willful FCRA violation. Chase last argues for dismissal of Count Two, asserting that damages are not available in private actions to enforce

a discharge injunction because 11 U.S.C. § 524 does not include an enforcement mechanism. The Court will address each of these arguments in turn.

**A.      Negligent Violation of the FCRA**

Chase first contends that Plaintiff fails to allege actual damages arising from the claim sufficient to state a claim for negligent violation of the FCRA.

It is well-settled that a claim of a negligent FCRA violation requires the plaintiff to sustain actual damages as a result of the violation. The FCRA states, in pertinent part:

> Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
>
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonably attorney's fees as determined by the court.

15 U.S.C. § 1681o. Actual damages can take many forms including both concrete damages in the forms of costs and "humiliation and mental distress." *Bach v. First Union Nat. Bank*, 149 F. App'x 354, 361 (6th Cir. 2005); *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 240 (4th Cir. 2009) (damages included "(1) loss of opportunity in the home mortgage market, (2) emotional distress, and (3) loss of income from missing approximately 300 hours of work addressing [the defendant's] mistakes.").

Chase argues Plaintiff's only actual damage allegedly caused by Chase's failure to provide accurate information is Plaintiff was rejected for a home loan and lost any potential equity to be gained from a home purchase. Chase argues that the loss of a home loan is not an economic damage, "as the borrower would similarly be free from the obligation to repay the loan." (Doc. 16, Mot. at 5). In response, Plaintiff argues that denial of a home loan application

4

is a sufficient allegation of actual damages to constitute a claim for negligent violation of the FCRA. (Doc. 18, Mem. Opp. at 4). Plaintiff further asserts that the Amended Complaint also alleges the number of inquiries into Plaintiff's credit history also had an adverse impact on his credit score. (*Id.* at 5).

The Court finds Plaintiff has sufficiently alleged actual damages resulting from Chase's alleged violation of the FCRA to survive Chase's Motion to Dismiss. In his Amended Complaint, Plaintiff asserts that Chase's alleged credit reporting errors caused Plaintiff to be rejected for a home loan and that damages were approximately $40,000. Chase argues that damages arising out of a loss of potential equity are not plausible but provides no basis for this claim. As the Fourth Circuit Court of Appeals has recognized, the "loss of opportunity in the home mortgage market" is a viable basis for actual damages. *Robinson*, 560 F.3d at 240. Although Chase argues that lost opportunity damages are "far too speculative to be recoverable," Chase will have the chance to advance that argument at later stages in this litigation. (Doc. 19, Reply at 3–4 (citing *Casella v. Equifax Credit Info. Servs.,* 56 F.3d 469, 475–76). Whether Plaintiff can prove his damages—as the plaintiff failed to do in *Casella*—is a question for a later day. *Casella*, 56 F.3d at 471 (noting case was decided at summary judgment stage). Accordingly, Chase's request for dismissal of Plaintiff's claim for negligent violation of the FCRA is denied.

**B.     Willful Violation of the FCRA**

Chase next contends that Plaintiff's Amended Complaint does not contain sufficient allegations to suggest Chase committed a willful violation of the FCRA because Plaintiff has not alleged any facts which, if proven, would show Chase knowingly and intentionally committed an

5

act in conscious disregard for the rights of others.  In his response, Plaintiff does not address Chase's contention.

Section 1681n(a) establishes that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ."  The Supreme Court has definitively determined that the term "willfully" in § 1681n encompasses knowing and reckless violations of the FCRA.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56 (2007).

After construing all factual allegations in Plaintiff's Amended Complaint as true—as it is required to do—the Court finds Plaintiff has met this relatively low standard.  Plaintiff's Amended Complaint expressly states that Plaintiff notified Chase and a credit reporting agency, which in turn also notified Chase, but the information on Plaintiff's report was still not corrected over a period of several years.  Plaintiff alleges that despite these notifications, Chase continued to report that Plaintiff owed Chase $10.  Plaintiff also alleges Chase "only conducted a reasonable investigation" after Plaintiff had obtained counsel.  (Doc. 13, Am. Compl. at ¶ 13). These factual allegations throughout Plaintiff's Amended Complaint allow the Court to draw a reasonable inference that Chase knowingly failed to conduct a reasonable investigation into the matter in violation of the FCRA.  *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) ("For a complaint to survive [a 12(b)(6) motion], it must . . . contain either 'direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" (quoting *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013))). In construing all well-pleaded factual allegations in favor of Plaintiff, the Court finds that Plaintiff has stated a plausible claim upon which relief can be granted, *i.e.*, that Chase knowingly and/or recklessly committed a violation of the FCRA.

### C. Count Two

Chase argues that Plaintiff's second cause of action—violation of the discharge injunction—has no reasonable ground under the law because the Sixth Circuit has held that damages are not available in private actions to enforce a discharge injunction. Plaintiff, responds by relying on *In re Perviz*, 302 B.R. 357, 369–370 (Bankr. N.D. Ohio 2003), a bankruptcy court decision, as support that Plaintiff may bring an action to hold Chase in contempt. Plaintiff further asks this Court to "remove the claim to the correct forum or to decide in what other way this claim should proceed." (Doc. 18, Mem. Opp. at 7).

As Chase correctly points out, the Sixth Circuit has determined that there is no private right of action under 11 U.S.C. § 524. *Pertuso v. Ford Motor Co.*, 233 F.3d 417, 422–23 (6th Cir. 2000). Further, it is not the job of the Court to instruct Plaintiff where to file a complaint or decide how a claim should proceed. It is up to the parties to determine litigation strategy. Accordingly, Chase's motion to dismiss Count Two is granted.

### IV. CONCLUSION

For the foregoing reasons, JPMorgan Chase Bank's Motion to Dismiss is **GRANTED** as to Count Two. As for Count One, JPMorgan Chase Bank's Motion is **DENIED**. Plaintiff's Motion for Leave to file is **DENIED** as moot. The Clerk shall remove Document 16 from the Court's pending motion list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**